UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY )
AND ETHICS IN WASHINGTON, )
)
Plaintiff, )
)
v. )  Civ. Action No. 04-1944 (RJL)
)
UNITED STATES DEPARTMENT )
OF JUSTICE, )
)
Defendant. )

### MEMORANDUM OPINION
(July 11, 2005) [#8]

This is an action brought by the plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, seeking records and documents from two divisions of the Department of Justice ("DOJ" or "defendant"). Presently before the Court is defendant's motion for summary judgment. After due consideration of the parties' submissions, the relevant law, and the entire record herein, defendant's motion is GRANTED.

## I. FACTUAL BACKGROUND

On February 27, 2004, plaintiff simultaneously served individual FOIA requests on the DOJ's Office of Legal Counsel ("OLC") and Office of Information and Privacy ("OIP"), seeking, in essence, any records relating to communications between these respective offices and "any member of the staffs of United States Senate Judiciary Committee [("Committee")]

Chairman Orrin Hatch and Senate Majority Leader Bill Frist ... from June 2001 through the present, regarding judicial nominations." Ex. 1 to Decl. of Paul P. Colborn ("Colborn Decl.") at 1; Ex. 1 to Decl. of Paul P. Colborn ("Colborn Decl.") at 1. The documents sought concerned allegations that Republican staff members on the Committee improperly accessed the files of Democratic staff members on the Committee. *See* Compl. ¶¶ 14-23. In its FOIA request to OLC, plaintiff sought communications between the OLC and specified members of the Senate, the DOJ, and the White House. Ex. 1 to Decl. of Paul P. Colborn ("Colborn Decl.") at 1. In its request to OIP, plaintiff sought records maintained at the Offices of the Attorney General, the Deputy Attorney General, the Associate Attorney General, the Office of Legal Counsel, and the Office of Legislative Affairs. Ex. 1 to Decl. of Paul P. Colborn ("Colborn Decl.") at 1.

The plaintiff no longer contests the adequacy of OLC's records search. *See* Pl.'s Opp'n at 10 n.3. Plaintiff focuses instead on the adequacy of OIP's record search. In this regard, the Deputy Director of the OIP, Melanie Ann Pustay ("Pustay"), is the final decision maker for the entity responsible for searching and reviewing records within the Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, Legislative Affairs, and Legal Policy pursuant to FOIA requests. Decl. of Melanie Ann Pustay ("Pustay Decl."), ¶ 1. Here, in response to plaintiff's FOIA request, Ms. Pustay first notified the plaintiff, on June 21, 2004, that no responsive documents were located in the Office of Legal Policy. Ex. C to Pustay Decl. On January 5, 2005, after the plaintiff had filed the instant

complaint, OIP notified plaintiff that no responsive documents were found in the Offices of the Deputy Attorney General or Associate Attorney General, but that eighteen pages of documents pertaining "generally" to the investigation were found in the Office of Legislative Affairs. Ex. D to Pustay Decl. OIP released these eighteen pages to the plaintiff on February 16, 2005. Ex. F to Pustay Decl.

## II. ANALYSIS

### A.     Summary Judgment and The Freedom of Information Act

Defendant has moved for summary judgment on grounds that plaintiff's FOIA request is moot because all documents responsive to plaintiff's request have been released. Def.'s Mot. for Summ. J. at 4-5. Plaintiff, in contrast, contends that the request is not moot because the defendant's search was inadequate and, thus, more responsive records exist that should be disclosed. Pl.'s Opp'n at 8-13.

Summary judgment is appropriate when the declarations together with the pleadings substantiate that there is no genuine issue of material fact and that the moving party is entitled to summary judgment as a matter of law. FED. R. CIV. P. 56(c). In a FOIA action, summary judgment is only appropriate when the agency seeking summary judgment demonstrates that it engaged in an adequate search for all relevant documents. *See Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990) ("In order to obtain summary judgment the agency must show that it made a good faith effort to conduct a search for the requested records, using

methods which can be reasonably expected to produce the information requested."). The Court assesses the adequacy of an agency's search "by relying upon non-conclusory, detailed agency affidavits that have been given in good faith." *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 33 (D.D.C. 2002); *see also Iturralde v. Comptroller of the Currency, et al.*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) ("[T]he agency may meet its burden by providing a reasonably detailed affidavit, ....") (internal quotations omitted). In the final analysis, "[a]gency affidavits are accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation omitted). For the following reasons, the Court concludes that the agency's search was reasonable and adequate.

### B.     The Adequacy of OIP's Search

Plaintiff *speculates* that, given the magnitude of the scandal surrounding the allegations that Republican staffers on the Senate Judiciary Committee improperly accessed the files of Democratic staff members on the Committee, the DOJ likely possesses more than eighteen pages of responsive documents. Pl.'s Opp'n at 11-12. On an even more fundamental level, plaintiff contends the defendant relies upon "conclusory" and, thus, insufficient declarations in support of its motion. *Id.* at 12. The Court disagrees.

Defendant has submitted two declarations from Melanie Ann Pustay, the person charged with overseeing document searches in connection with FOIA requests served on

OIP. *See generally* Pustay Decl.; Second Decl. of Melanie Ann Pustay ("2nd Pustay Decl."). These declarations set forth the terms and nature of OIP's search and, perhaps even more significantly, they state that the locations most likely to contain responsive documents were extensively searched. *See Iturralde*, 315 F.3d at 313-14 (noting that an agency can meet its burden by submitting an affidavit "setting forth the search terms and the type of y search performed, and averring that all files likely to contain responsive materials ... were searched.") (internal quotations omitted).

According to Ms. Pustay's declarations – and plaintiff has not provided any persuasive evidence to the contrary on this point – OIP searched the Offices of the Attorney General, the Deputy Attorney General, the Associate Attorney General, Legislative Affairs and Legal Policy. *See* 2nd Pustay Decl. ¶ 2. OIP's search, for example, included: (1) the records management electronic database maintained by Legislative Affairs, *id.* ¶¶ 3-5; (2) the central database of the Department Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General, *id.* ¶ 10; and (3) the senior leadership offices within the DOJ, *id.* ¶ 12. Upon due consideration of Ms. Pustay's declarations and the entire record herein, the Court concludes that the declarations are detailed, non-conclusory, and given in good faith. And, although plaintiff speculates that more responsive documents must exist, Pl.'s Opp'n at 11-12, mere speculation, without more, is not enough to create a question of fact as to the adequacy of OIP's search. *See Oglesby*, 920 F.2d at 61 n. 13. Indeed, "the adequacy of a FOIA search

is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Iturralde*, 315 F.3d at 315. Accordingly, having found OIP's search adequate, the plaintiff's FOIA claim is now moot and the defendant is entitled to judgment as a matter of law. *See, e.g., Drake v. F.A.A.*, 291 F.3d 59, 67 (D.C. Cir. 2002) (noting plaintiff's FOIA claim mooted by the disclosure of requested information).[1]

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge

---

[1] Indeed, the Court notes that plaintiff essentially concedes in its opposition brief that a finding that the defendant's search is adequate moots its FOIA request. *See generally* Pl.'s Opp'n.